**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**WILMINGTON SAVINGS FUND SOCIETY,**
**FSB, D/B/A CHRISTIANA TRUST, NOT**
**IN ITS INDIVIDUAL CAPACITY, BUT**
**SOLELY AS TRUSTEE FOR RMAC TRUST,**
**SERIES 2015-5T,**

                      **Plaintiff,**

                                                              **17-CV-671S**

**v.**

**SCOTT A. TUBO,**
**KRISTIN L. TUBO,**

                      **Defendants.**
_____

## **DECISION AND ORDER**

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #15.

        Plaintiff commenced this diversity action to foreclose on a residential mortgage, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), by filing a complaint on July 20, 2017. Dkt. #1. Defendants, represented by counsel, answered the complaint on September 1, 2017. Dkt. #8.

        Currently before the Court is plaintiff's motion for summary judgment seeking a judgment of foreclosure and sale; appointment of a referee to effectuate the sale and disburse the funds; reformation of the legal description contained in the mortgage recorded on October 15, 2001; and an award of attorneys' fees. Dkt. #18.

        In support of the motion, plaintiffs filed a copy of the promissory note executed by defendant on October 11, 2001, secured by a mortgage assigned to plaintiff, along with a loan

1

modification agreement dated April 29, 2016 reflecting a modified principal balance of $169,586.18. Dkt. #18-1. Plaintiff avers that defendants failed to make payments due as of and subsequent to October 1, 2016. Dkt. #18-1, p.7, ¶ 7. Plaintiff has also submitted a copy of the 90 day pre-foreclosure notice required pursuant to RPAPL § 1304, with affidavit of service by certified mail; confirmation of filing of the 90 day pre-foreclosure notice with the Superintendent of Financial Services as required pursuant to RPAPL § 1306(2); notice of pendency of action as required pursuant to RPAPL § 1331; a notice of default mailed to defendants; an affidavit of default in the amount of $195,894.12 as of March 9, 2018 plus fees and disbursements totaling $711.56; an affidavit of attorneys' fees totaling $2,417.50; and an affidavit attaching status reports pursuant to the Servicemembers' Civil Relief Act indicating that defendants are not in active military service. Dkt. #18 & Dkt. #19.

Defendants did not respond to the motion for summary judgment.

Upon review of the foregoing, it is the determination of this Court that plaintiff has complied with the rules for securing a judgment of foreclosure and sale under New York RPAPL and reformation of the legal description contained in the mortgage. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED**, the Plaintiff's motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED**, that a Judgment of Foreclosure and Sale is entered against Scott A. Tubo and Kristin L. Tubo in the amount of $199,023.18 with an unpaid principal balance of $153,894.09 as of March 9, 2018, with contractual interest at the rate of 7.000% percent until entry of this order and the statutory rate thereafter; and it is further

**ORDERED, ADJUDGED AND DECREED**, the mortgaged property at 4246 Plank Road, Lockport, NY 14094, ("Property") cannot be sold in parcels; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Property shall be sold pursuant to RPAPL §1351, a deed be issued in accordance with RPAPL §1353(1) and that the sale proceeds be distributed in accordance with RPAPL §1354; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Property be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL §231(1), at the Rotunda of the Niagara County Courthouse, Building Lobby, 175 Hawley & Park Avenue, City of Lockport, by Michael H. Kooshoian, Esq., 168 Robinson St., North Tonawanda, NY 14120, 716-982-2474, who is hereby appointed Referee to effectuate the sale of the Property; that public notice of the time and place of the sale be made by the Referee in compliance with RPAPL §231(2)(a) and the practice of this Court, and published in The Niagara Gazette or in publication in compliance with RPAPL §231; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Property be sold in "as is" condition defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that said sale shall be subject to:

(a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b) Any state of facts that an accurate, currently dated survey might disclose;

(c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the Property being foreclosed. There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

(d) The right of redemption of the United States of America, if any; and it is further

**ORDERED, ADJUDGED AND DECREED**, in accordance with RPAPL §1353(1) that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, after sale the Referee shall deposit, in his/her name as Referee, the initial bid deposit in his/her IOLA or Separate Account, in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in accordance with RPAPL §1351(1), upon payment of the purchase price the Referee execute a deed to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in accordance with RPAPL §1354, upon payment of the purchase price the Referee is directed to make the following payments or allowance from the sale proceeds to the plaintiff,

**FIRST:** Payment pursuant to CPLR §8003, by the Referee of five hundred dollars ($500.00) which represents the statutory fees for his/her conducting the sale of the subject Property.

**SECOND:** Payment by the Referee for the costs of advertising or posting as

listed on bills submitted to and certified by the Referee to be correct.

**THIRD**: Payment, in accordance with RPAPL §1354(1), by the Referee to the Plaintiff or its attorney for the following: amount due Plaintiff; costs and disbursements; attorney fees and an additional allowance, if awarded.

**Amount Due Plaintiff.** $195,894.12 including interest through March 9, 2018, together with interest at the Note rate (7.000%) until the date of entry of this Judgment, and thereafter at the statutory rate until the date of transfer of the Referee's Deed.

**Costs and Disbursements.** $711.56 adjudged to the Plaintiff for costs and disbursements in the action, which will be taxed by the County Clerk and inserted herein, with interest at the Judgment rate thereon from the date of entry hereof.

**FOURTH:** Payment, in accordance with RPAPL §1354(2), of all taxes, assessments and water rates that are liens upon the Property and redeem the Property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff may, after entry of this judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of judgment, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Judgment, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the Plaintiff is the purchaser at sale, the Referee shall not require the Plaintiff to pay either a deposit or the bid amount, but shall execute and deliver to the Plaintiff a Deed of the premises sold upon the payment of the statutory fees of $500.00 for conducting the sale of the subject Property.  Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed.  The balance of the bid amount shall be applied to the amounts due to the Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds.  In accordance with RPAPL §1354(4), the Referee shall take receipts for the money so paid out by him/her and file the same with his/her report of sale, and that he/she deposit the surplus moneys, if any, with the Treasurer of Niagara County within five (5) days after same shall be received and ascertainable, to the credit of this action, to be withdrawn only upon the order of the court, signed by a Justice of this Court; that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made with Clerk of the County of Niagara within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed.  All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds. Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, the Referee make a report of sale in accordance with RPAPL §1355(1), showing the disposition of the sale proceeds accompanied

6

by the receipts for payments made and file it with the Clerk of the Court within thirty (30) days of completing the sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession on producing the Referee's Deed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the liens of the Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED**, that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR, Part 36), including, but not limited to, §36.2(c) ("Disqualification from appointment") and §36.2(d) ("Limitations on appointments based upon compensation") and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Judge forthwith; and no fee shall be paid to such appointee until said appointee has filed all necessary OCA forms with the Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that pursuant to CPLR §8003(b), absent application to the court, further court order, and compliance with Part 36 of the Rules of

the Chief Judge, the Referee shall not demand, accept or receive more than the statutory amount of five hundred dollars ($500.00) otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the property be sold by the Referee, in accordance with RPAPL §1351(1); that the date of the judgment is deemed the date it is entered; and that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with Fed. R. Civ. P. §6(b), the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUDGED AND DECREED**, the legal description in the Mortgage recorded on October 15, 2001 in Book 4479, Page 292 in the Office of the Niagara County Clerk and Loan Modification Agreement recorded on October 4, 2016 in Instrument Number: 2016-17885 in the Office of the Niagara County Clerk is hereby reformed so that the property reads as follows:

ALL THAT TRACT OR PARCEL OF LAND: situate in the Town of Cambria, County of Niagara and State of New York, being part of Lot 39, Township 14, Range 7 of the Holland Purchase (so called) bounded and described as follows:

BEGINNING at a point in the center line of Plank Road, 626.28 feet south of the intersection of the center line of Plank Road with the south line of Ridge Road measured along the center line of Plank Road, said point also being 324.0 feet south of the northeast corner of land conveyed to Philip H. DeVole and Mildred DeVole by Deed recorded in the Niagara

County Clerk's Office in liber 1387 at page 498, measured along the center line of Plank Road, said point of beginning also being the northeast corner of land conveyed to Philip H. DeVole, Jr. and Patricia A. DeVole, his wife by Deed recorded in the Niagara County Clerk's Office in liber 1579 at page 596; thence west at an interior angle of 90° and along the north line of lands conveyed to Philip H. DeVole, Jr. and Patricia A. DeVole by Deed recorded in the Niagara County Clerk's Office in liber 1721 at page 79, 797.62 feet to the northwest corner of land conveyed to Philip H. DeVole, Jr. and Patricia A. DeVole by Deed recorded in the Niagara County Clerk's Office in liber 1721 at page 79; thence south at an interior angle of 90° along the west line of land conveyed to Philip H. DeVole, Jr. and Patricia A. DeVole by Deed recorded in the Niagara County Clerk's Office in liber 1721 at page 79, 131.02 feet; thence east at an interior angle of 90° 24 3, 797.64 feet to the centerline of Plank Road; thence north along the center line of Plank Road 136.60 feet to the point or place of beginning; and it is further

        **ORDERED, ADJUDGED AND DECREED**, the Referee appointed herein and any party entitled to service be served with a signed copy of the Judgment of Foreclosure and Sale.

**DATED:**    **Buffalo, New York**
              **April 1, 2019**

                                                              **\_\_s/H.Kenneth Schroeder, Jr.\_\_**
                                                           **H. KENNETH SCHROEDER, JR.**
                                                           **United States Magistrate Judge**